IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| STEVEN E. SMITH, | : | |
| | : | |
| Petitioner, | : | |
| | : | CIVIL NO. 5:14-CV-179-MTT |
| VS. | : | |
| | : | |
| STATE BOARD OF PARDONS AND | : | |
| PAROLES, WARDEN DONALD | : | |
| BARROW, and ALBERT R. MURRAY, | : | |
| | : | WRIT OF MANDAMUS |
| Respondents. | : | |

## ORDER

Petitioner Steven E. Smith has filed a Petition for a Writ of Mandamus in this Court. (Doc. 1.) Petitioner has also filed a motion to proceed *in forma pauperis.* (Doc. 2.) For purposes of dismissal only, Petitioner's motion to proceed without the prepayment of the filing fee is hereby **GRANTED.** This does not mean that the filing fee is waived. Plaintiff is still required to eventually pay the full amount of the $350.00 filing fee using the payment plan described in 28 U.S.C. § 1915(b). The filing fee is not refundable, regardless of the outcome of Plaintiff's case, and Plaintiff is responsible for paying the entire filing fee even if his lawsuit is dismissed prior to service.

The Eleventh Circuit has held that "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations. The party seeking mandamus has the burden of demonstrating that its right to issuance of the writ is clear and indisputable." *United States v. Uribe*, 486 F. App'x 823, 824 (11th Cir. 2012) (citations and quotations omitted). A writ of mandamus should only be issued when (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other

adequate remedy is available. *Davis v. U.S.,* --- F. App'x ---, 2014 WL 889616, **1 (11th Cir. 2014) (citation and internal quotation omitted).

Because the Petitioner is filing his Motion in the federal district court, his use of mandamus is limited. Title 28, United States Code § 1361 states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff." (Emphasis added.)  Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought.  *Moye v. Clerk, DeKalb Cnty. Sup. Ct*, 474 F.2d 1275, 1276 (5th Cir.1973).[1]

Petitioner, who is serving a fifteen year sentence for convictions of voluntary manslaughter and possession of a firearm by a convicted felon, seeks a writ of mandamus directing the Respondents to grant him parole.  (Pet. For Writ of Mandamus 1; Doc. 1.)  Specifically, Petitioner contends that his sentence length has been computed in error, and he requests that he be immediately transferred to a "transitional center program/training in the metro Atlanta or Columbus area and upon completion of program be released on parole."  (*Id.* at 3.)

Petitioner's claims fail to state a legitimate basis for mandamus relief under 28 U.S.C. § 1361.  First, Petitioner's request fails to establish any duty owed to him by any *federal agency or employee.*  As stated above, the Court has no jurisdiction to compel a state court or its judicial officers to act.  Petitioner was convicted in the Bibb County

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Superior Court and is currently under the control of the Georgia Department of Corrections. Furthermore, Petitioner fails to allege any duty owed to him which would require the Court to compel intervention on his behalf. As such, Petitioner's Petition for A Writ of Mandamus must fail.

ACCORDINGLY, it is hereby ORDERED that Petitioner's Motion for Mandamus relief be **DENIED** and this case dismissed.

Petitioner has also filed what the Court construes to be a motion seeking immediate release from prison on parole. (Doc. 5.) Because the Court is denying Petitioner's petition for mandamus relief, Petitioner's motion for release is **DENIED as MOOT.**

SO ORDERED, this the 7th day of July, 2014.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT

lws